United States Courts
Southern District of Texas
FILED

NOV 23 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO QUINTANILLA, RAMIRO TORRES, JONY DERAS, DAVID ESCALANTE, EDGARDO LOPEZ, KENNETH MATTHEWS, MELVIN BARRERA, DANIEL CHAPA, ALBERTO CHAPA, MORRIS BAUGH, FRANCISCO RODRIGUEZ, MANUEL SALAZAR MARTINEZ, DARWIN ANTONIO ENRIQUEZ, JOSE ANTONIO HENRIQUEZ, PHILLIP MYERS, COLUMBUS SARGENT, ANGEL CASTRO, JUAN MANUEL SUAREZ TORRES, VALDEMAR QUINTANILLA, ANTONIO RODRIQUEZ, SAMUEL MARTINEZ, and RICARDO SUAREZ TORRES, on Behalf of Themselves and All Others Similarly Situated | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-04-1965 |
| Plaintiffs | § § | |
| VS. | § § | COLLECTIVE ACTION |
| A&R DEMOLITION, INC., ALLSTATE SERVICES, LTD., SATTERFIELD AND PONTIKES CONSTRUCTION, INC., SWINERTON BUILDERS, RAYMOND L. REVEILE L.L.C., RAYMOND L. REVEILE, and ANDREA C. REVEILE | § § § § § § § § | |
| Defendants | § | JURY TRIAL DEMANDED |

**MOTION TO MODIFY THE COURT'S SCHEDULING ORDER,
TO RECONSIDER EQUITABLE TOLLING FOR POTENTIAL PLAINTIFFS,
AND TO EXPAND THE SCOPE OF THE PROPOSED CLASS**

Plaintiffs Rolando Quintanilla, Ramiro Torres, Jony Deras, David Escalante, Edgardo Lopez, Kenneth Matthews, Melvin Barrera, Daniel Chapa, Alberto Chapa, Morris Baugh, Francisco Rodriguez, Manuel Salazar Martinez, Darwin Antonio Enriquez, Jose Antonio

Henriquez, Phillip Myers, Columbus Sargent, Angel Castro, Juan Manuel Suarez Torres, Valdemar Quintanilla, Antonio Rodriquez, Samuel Martinez, and Ricardo Suarez Torres (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated workers, file their motion to modify the scheduling order, to reconsider equitable tolling for potential plaintiffs, and to expand the scope of the proposed class.

## FACTUAL BACKGROUND

1.  Defendants A&R Demolition, Inc., Allstate Services, Ltd., Raymond Reveile L.L.C., Raymond L. Reveile, and Andrea C. Reveile (collectively "the A & R Defendants") are in the business of performing demolition and asbestos abatement work. The A & R Defendants employed Plaintiffs at various work sites throughout Texas over the last several years. After Defendants failed to pay them overtime and otherwise broke the law by taking financial advantage of them, Plaintiffs filed this suit against them under the FLSA. Because there are other victims, Plaintiffs filed their lawsuit as a collective action.

2.  After the suit was filed in May 2004, the parties engaged in some preliminary discovery. Plaintiffs then filed their motion to certify a collective class of persons "similarly situated" on February 4, 2005. However, the motion remained pending for several months. On July 25, 2005, Plaintiffs filed a motion to expedite, seeking a ruling on their previously filed motion to certify. This Court granted Plaintiffs' motion almost seven months later, on August 30, 2005. (Exhibit 1). However, the Court declined to permit equitable tolling to extend the limitations period for any potential plaintiffs that had not yet opted-in to the lawsuit. *Id.* The Court also limited the proposed class to workers performing manual labor. *Id.*

3.  The Court's order granting conditional certification scheduled a hearing on October 4, 2005 to discuss issues relating to class notice. *Id.* During the hearing, the parties

discussed scheduling issues. The A & R Defendants submitted a proposed scheduling order that the Court adopted. (Exhibit 2). As a result, the A & R Defendants were ordered to provide Plaintiffs with a list of names and addresses of persons within the scope of the Court's August 30th order on or before October 31, 2005[1] so that Plaintiffs' counsel could mail class notice to potential plaintiffs. *Id.*

    4. On October 31, 2005, the A & R Defendants provided Plaintiffs with a list of names that they represented includes all laborers who worked for the A & R Defendants at job sites throughout Texas from May 2001 through October 2005. *See* Exhibit 3. However, this list included only 212 names. Aware that at least this number of laborers worked for A & R at the Harris County Juvenile Justice Center job site, Plaintiffs' counsel compared the A & R Defendants' list with the time sheets and certified payroll records that were produced in the case by Harris County.[2] After reviewing that list, Plaintiffs determined that approximately 116 employees within the scope of the class at the Harris County Juvenile Justice Center alone were not included on the list.

    5. Plaintiffs' counsel immediately called this enormous discrepancy to the attention of opposing counsel. *See* Exhibit 4. However, no explanation for the omission was provided. Nonetheless, Plaintiffs agreed to provide the A & R Defendants with additional time to provide a corrected list.

---

[1] During the hearing, Plaintiffs requested an earlier deadline for the A & R Defendants to provide their list, but the Court declined.

[2] Despite written discovery requests, the A & R Defendants have produced timesheets or payroll records for only thirteen out of 497 job sites where the A & R Defendants performed work over the last four years. Unredacted records relating to the Harris County Juvenile Justice Center project were obtained directly from Harris County. Had Plaintiffs not obtained these unredacted records listing all employees from Harris County, they would not have known that the A & R Defendants' list was fraudulent.

3

6. On November 10, 2005, the A & R Defendants once again provided Plaintiffs with a revised list. *See* Exhibit 5. Again, the A & R Defendants represented that the new list included all laborers who worked for the A & R Defendants at approximately 497 job sites throughout Texas from May 2001 through October 2005. This new list includes 573 names. *Id.* Plaintiffs' counsel conferred with counsel for the A & R Defendants, who asserted that the new list was accurate.

7. However, once again, because there were 497 job sites where the A & R Defendants performed work over the last four years, and large workforces were required for many of the more complex projects, Plaintiffs' counsel compared the A & R Defendants' list to the certified payroll documents from Harris County. Even though Plaintiffs had specifically called to the A & R Defendants' attention that 116 workers were missing from their first list relating to the Juvenile Justice Center project alone, the new list added only 56 of those identified workers. *See* Exhibit 6. Among the names still omitted are workers within the scope of the proposed class.

8. Additionally, Plaintiffs reviewed the certified payroll for eleven job sites the A & R Defendants produced only a week ago, and noted instantly that many workers on this payroll within the scope of the proposed class were also not included on the new list. *Id.* Additionally, there are no listed addresses for many of the individuals included on the new list.

9. The Court's scheduling order required class notice to be mailed by November 15, 2005. Because of the A & R Defendants' failure to produce a complete and accurate list of potential plaintiffs, Plaintiffs have been unable to send the class notice in accordance with the Court's Scheduling Order.

4

## SUMMARY

10.     Plaintiffs request the Court to order the A & R Defendants to produce a complete and accurate list of potential plaintiffs on or before December 9, 2005. Plaintiffs also seek a modification of the Court's deadline for mailing class notice. It has been impossible for Plaintiffs to mail notice without a complete list. Additionally, Plaintiffs have not thought it appropriate to mail notice to only a partial group to the extent that the deadline for return of the notices of consent could affect the remaining potential claimants. At the very least, Plaintiffs request until December 16, 2005 to mail notice, assuming that the A & R Defendants provide them with a complete list before that date.

11.     Moreover, Plaintiffs request that potential opt-in claimants be allowed ninety days to return their consent forms. The A & R Defendants' inadequate lists provided already do not include mailing addresses for many potential claimants. As the Court knows from the pleadings, the Plaintiffs and opt-in candidates are manual laborers. As a result of their attendant hardships, they often are migratory, which has caused significant logistical problems. The Court's current Scheduling Order only permits thirty days for potential claimants to return their consent forms. This amount of time is hardly sufficient given that most of the addresses provided will prove to no longer be accurate addresses. Accordingly, Plaintiffs request a ninety day deadline.

12.     Plaintiffs also request this Court to reconsider the decision denying equitable tolling. In conjunction with its prior order granting class certification, this Court declined to toll the limitations period for potential plaintiffs. This Court should reconsider its decision and apply equitable tolling to those potential plaintiffs who have not yet opted into this litigation. Through no fault of their own, there was no ruling on Plaintiffs' motion to certify for almost seven months

after certification was sought. During this time period, these claimants' valuable rights were lost if equitable tolling is not applied here.

13. Additionally, although the Court granted the motion to certify on August 30, 2005, Plaintiffs have still not been able to send out class notice almost three months later because they have never received a complete list from the A & R Defendants. The A & R Defendants purposefully have interfered with the Plaintiffs' ability to notify potential plaintiffs, and equitable tolling is warranted until, at least, the time class notice is issued so that the Plaintiffs are not prejudiced by the A & R Defendants' refusal to comply with this Court's order. Plaintiffs should not be prejudiced by the A & R Defendants' delay, and equitable tolling should be granted for the period.

14. Finally, Plaintiffs seek leave to expand the scope of the proposed class to include the A & R Defendants' office personnel. Lindsey Morecock, a payroll and clerical employee employed by the A & R Defendants at the Juvenile Justice Center job site, opted into this lawsuit in June 2005. Ms. Morecock also did not receive overtime wages. If the scope of the class is not expanded to include clerical workers, Ms. Morecock will be required to file her own separate representative action against the A & R Defendants. In the interest of judicial economy, and because class notice has not yet been issued, Plaintiffs request that Ms. Morecock, and others like her, be permitted to proceed in this lawsuit. The A & R Defendants simply did not pay any of their non-exempt employees overtime wages, regardless of their particular job duties.

### THE SCHEDULING ORDER SHOULD BE MODIFIED

15. This Court should modify the current scheduling order to allow additional time for notice to be issued. Plaintiffs have been unable to mail notice to potential claimants because the A & R Defendants have still not provided them with a complete list. Initially, the A & R

Defendants disclosed the names of only 212 employees or former employees. On its face, the number of individuals identified was grossly deficient. At least that number worked at the Juvenile Justice Center alone—one of 497 other job sites in the last four years. Moreover, addresses for a significant number of people were missing. Because it was clear the A & R Defendants had disregarded this Court's order and because the missing information is critical to their case, the Plaintiffs investigated the matter further. Plaintiffs compared the names the A & R Defendants provided to those found in the unredacted timesheets and certified payroll records for the Harris County job site. Plaintiffs realized the A & R Defendants had failed to disclose at least 116 employees associated with the Juvenile Justice Center project alone.

16.     Plaintiffs' counsel notified the A & R Defendants of their glaring omissions. As a sign of good faith, Plaintiffs' counsel even shared their work product to expedite the matter. However, Plaintiffs again provided a list that was grossly deficient. Defendants responded by producing approximately 280 additional names, which included only half of the approximately 116 names Plaintiffs provided to the Defendants. Additionally, Plaintiffs discovered that names of qualified individuals from other work sites were also omitted. (Exhibit 7). The only conclusion that could be reached, based on the fact that the A & R Defendants attempted to present a partial list of names as complete – twice in defiance of this Court's order – is that the A & R Defendants have attempted to obstruct justice.

17.     Because Defendants have defied this Court's order in this litigation, Plaintiffs are in the untenable position of being unable to verify whether the A & R Defendants' list is truly complete. The A & R Defendants have declined to produce time sheets or payroll records relating to other job sites, so Plaintiffs are unable to check these records to verify that their lists are accurate. Each time the A & R Defendants have produced a list, even the limited records

7

Plaintiffs' possess immediately reveal flagrant inaccuracies.[3] In addition, because addresses are missing, Plaintiffs, through no fault of their own, cannot proceed with notifying numerous potential class members.

18. Accordingly, Plaintiffs request an order from this Court requiring the A & R Defendants to produce a complete and accurate list of names and addresses of potential claimants by no later than December 9, 2005. Plaintiffs further request this Court to modify the scheduling order and extend the deadline for the issuance of class notice until at least December 16, 2005.

19. Plaintiffs also request this Court to extend the deadline for potential plaintiffs to return their consent forms. The current scheduling order only allows 30 days for potential claimants to return their consent forms. Like the named plaintiffs, the potential claimants in this case are manual laborers who are often migratory. They move frequently to find work. Most of the addresses the A & R Defendants have provided to date are no longer valid addresses. Consequently, many notices will inevitably be returned, and it will take time for Plaintiffs to try to find, if possible, accurate addresses for these individuals.

20. Plaintiffs request that potential opt-in claimants be allowed at least 90 days to return their consent forms. Given the composition of the class, this amount of time is not unreasonable. *See e.g. Humphreys v. Stream Int'l*, 2004 U.S. Dist. Lexis 25674 (N.D. Tex. 2004)(120 days). Furthermore, alternative forms of notice may be required. Assuming that notice is issued on or before December 16, 2005, Plaintiffs therefore request that opt-in claimants be provided until at least March 17, 2006 to return their consent forms.

---

[3] The A & R Defendants have conceded that their second list also omits employees within the scope of the class.

8

## POTENTIAL PLAINTIFFS ARE ENTITLED TO EQUITABLE TOLLING

21.     This Court should also reconsider its prior decision to deny equitable tolling. The accrual date for limitations purposes in an FLSA case runs every two week pay period. *Hodgson v. The Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973); 29 U.S.C.A. § 255(a). Consequently, until a potential claimant is able to join the collective action by filing a notice of consent, the cause of action continues to accrue, and valuable rights are potentially lost. The doctrine of equitable tolling allows a court to suspend the statute of limitations where, under the circumstances of the case, it would be inequitable to enforce it. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946).

22.     In its memorandum and order, this Court addressed the applicable class period and concluded it started for the existing Plaintiffs on May 14, 2001, which is three years before the date this litigation suit was filed. (Exhibit 1, p. 33). This Court also held, however, the class period was not tolled for potential plaintiffs until they opted into the case. (Exhibit 1, p. 33).

23.     This Court should have granted equitable tolling. Plaintiffs filed their collective action on May 14, 2004. The equitable tolling period should have applied from that date. Alternatively, at a minimum, equitable tolling should apply from February 4, 2005, the date Plaintiffs filed their motion to certify. This Court did not rule on the motion to certify until almost seven months later, on August 30, 2005.

24.     The potential plaintiff class should not be penalized for the almost seven month delay while they awaited a ruling on their motion to certify. This case is not a situation where the Plaintiffs have failed to act diligently. They had to investigate their case and prepare the pleadings initiating the lawsuit. They obtained some discovery and then moved to certify a collective class of persons "similarly situated." Between the time they filed their motion to

certify and the time this Court ruled on the motion to certify and motion to expedite, the Plaintiffs' hands were virtually tied in relation to notifying other potential class members. This Court's decision penalizes those individuals who could have joined the suit if they had been notified of the proceeding.

25. An appropriate use of the equitable tolling doctrine is where a plaintiff was awaiting court action on a motion, as in this case. *See Myer v. Callahan,* 974 F. Supp. 578, 586 (E.D. Tex. 1997)(equitable tolling may be based on a court's "action or misaction"); *see also Baldwin County Welcome Ctr. v. Brown,* 104 S. Ct. 1723, 1725-26 (1984) (per curiam) (equity could justify tolling the statutory period until court acts on pending motion for appointment of counsel). Other circumstances also justify equitable tolling. *See Baldwin County Welcome Ctr.,* 104 S. Ct. at 1725-26; *Myer,* 974 F. Supp. at 586.

26. Here, the Plaintiffs have been diligent from the inception of their lawsuit and, even beforehand. These laborers earned only minimal wages. Because the limitations period runs every two week pay period, losing an almost seven month window could be potentially devastating to potential claimants. To be shorted their rightful wages by their respective employers and then have the judicial system strip them of an approximately seven month window to pursue their claims is simply unfair and unjustified. This Court should reconsider its prior conclusion and hold that equitable tolling applies during the pendency of the motion for class certification.

27. Moreover, equitable tolling also should apply until approximately, December 16, 2006, which is the date class notice will be issued if this Court agrees to modify the scheduling order. This date is appropriate because, in defiance of this Court's October 31, 2005 deadline, the A & R Defendants failed to provide Plaintiffs with the names of all laborers who worked at

their Texas job sites from May 2001 through October 2005. This Court granted class certification in August—the A & R Defendants had almost three months to provide a complete list, and have still not done so. Moreover, these names were requested in written discovery directed to the A & R Defendants more than a year ago.

28. Under these circumstances, equitable tolling is appropriate until December 16, 2006, which is when Plaintiffs will provide notice to the class under a modified scheduling order.

### NON-EXEMPT CLERICAL AND/OR ADMINISTRATIVE PERSONNEL SHOULD ALSO BE INCLUDED WITHIN THE CLASS

29. Finally, Plaintiffs request this Court to expand the class definition to include non-exempt clerical and/or administrative personnel. At present, the class is defined as encompassing only manual laborers. As the Court recognized in the order granting certification, Plaintiffs' specific job duties at these work sites varied from torch cutters, carpenters, and equipment operators to asbestos abatement and demolition work or other responsibilities. Despite the distinct job titles and duties, a common thread was that these non-exempt employees were performing manual labor at these work sites. (Exhibit 1, p. 31). The A & R Defendants failed to pay any of their non-exempt workers overtime wages, regardless of their particular occupation.

30. However, the A & R Defendants also employed clerical personnel, not performing actual physical labor, who were also not paid overtime. For example, Lindsey Morecock worked as a payroll clerk at the Harris County Juvenile Justice Center job site. (Exhibit 8). Ms. Morecock opted in to this litigation in June of 2005. Although she did not perform hard "manual labor," she should nonetheless be permitted to pursue her claims against the A & R Defendants in this lawsuit. She worked at this job site and was also not paid overtime, much the same as her fellow employees.

31.     There simply is no valid basis to exclude clerical personnel from the scope of the class. If Ms. Morecock cannot proceed in this lawsuit, she will have no choice but to file her own representative action. Avoiding a litany of individual lawsuits is one of the purposes of allowing a case to proceed as a collective action. Plaintiffs' complaint in this case is certainly broad enough to include clerical workers, and does not specifically limit potential claimants to only manual laborers.[4] In fact, the A & R Defendants have been investigated by the Department of Labor in the past for failing to pay their non-exempt office and clerical staff overtime wages.

32.     Moreover, the A & R Defendants would not be surprised or prejudiced by expanding the class definition. The A & R Defendants have still not provided a complete list to Plaintiffs of potential claimants to allow for the issuance of class notice. Additionally, this Court has the authority to allow Ms. Morecock to be added or to intervene as a named plaintiff. It is within the Court's discretion to manage the joinder of parties and designate class representatives. For all these reasons, Plaintiffs request this Court to define the class to also include non-exempt clerical and administrative personnel who did not receive overtime wages.[5]

## CONCLUSION

Plaintiffs request that this Court to modify the current scheduling order and require the A & R Defendants to provide a complete list of potential class members on or before December 9, 2005. Plaintiffs also request that the scheduling order be modified to allow class

---

[4] Plaintiffs' most recent complaint alleges only that Plaintiffs' job duties "included manual labor at these work sites." (*See* Second Amended Collective Action Complaint ¶ 37). The complaint does not limit the scope of Plaintiffs' job duties to only manual labor. To the extent the Court disagrees, Plaintiffs should be entitled to amend their complaint.

[5] To the extent that the Court declines Plaintiffs' request, they request that equitable tolling be applied at least from the time Ms. Morecock filed her notice of consent in this lawsuit. If she cannot proceed in this lawsuit, she should at least have the opportunity to re-file her own lawsuit without facing potential limitations issues.

notice to be issued on or before December 16, 2005. Additionally, Plaintiffs ask that the scheduling order be modified to extend the deadline for opt-in candidates to return their consent forms on or before March 17, 2006.

Additionally, Plaintiffs request this Court to reconsider its prior decision regarding equitable tolling and hold that the statute of limitations is tolled from February 4, 2005 through December 16, 2005. Plaintiffs also request that the class definition be expanded to include non-exempt clerical and administrative personnel who did not receive overtime. Plaintiffs also request any other relief they may be entitled to receive.

Respectfully submitted,

By: *Loren J. Klitsas* / LBH - by permission
Loren G. Klitsas
State Bar No. 00786025
KLITSAS & VERCHER, P.C.
550 Westcott, Suite 570
Houston, Texas 77007
(713) 862-1365 (Telephone)
(713) 862-1465 (Telecopier)

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

*Of Counsel:*

Michael E. Frachtman
State Bar No. 00785876
THE LAW OFFICE OF MICHAEL FRACHTMAN
909 Fannin Street, Suite P-330
Houston, Texas 77010
(713) 651-9977 (Telephone)
(713) 651-0819 (Telecopier)

13

## CERTIFICATE OF CONFERENCE

I certify Rose Jennings and Michael Fox, counsel for A & R Demolition, Inc., Allstate Services, Ltd., Raymond Reveile, L.L.C., Raymond L. Reveile, and Andrea C. Reveile were contacted on November 23, 2005 regarding this motion. Plaintiffs were unable to determine whether they are opposed or unopposed to this motion.

_____
Loren G. Klitsas

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion has been forwarded to the following attorneys of record in accordance with the Federal Rules of Civil Procedure on November 23, 2005, as follows:

| | |
|---|---|
| Mr. Robert L. Ivey<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>500 Dallas Street, Suite 3000<br>Houston, Texas 77002 | *Via Certified Mail/RRR* |
| Ms. Nancy Hesse Hamren<br>COATS, ROSE, YALE, RYMAN & LEE, P.C.<br>3 Greenway Plaza, Suite 2000<br>Houston, Texas 77046 | *Via Regular U.S. Mail* |

_____
Loren G. Klitsas

14