IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLANDO QUINTANILLA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1965 |
| | § | |
| A & R DEMOLITION INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Plaintiffs in this FLSA collective action worked for A & R Demolition, Inc., a subcontractor on several construction sites. They ask for reconsideration of the portion of this court's August 30, 2005 memorandum and order that denied equitable tolling of the statute of limitations for potential plaintiffs. (Docket Entry No. 70).[1] Plaintiffs argue that tolling should be granted to allow for the time that elapsed between their motion for class certification and this court's decision and the delay by defendants in providing plaintiffs with a list of potential plaintiffs. Defendants concede that they delayed in providing potential plaintiffs' names but object to tolling the statute of limitations for more than thirty-one days. (Docket Entry No. 79). This court grants in part and denies in part plaintiffs' motion to reconsider, allowing equitable tolling for thirty-one days. The reasons for this ruling are set out below.

---

[1]In the same motion, plaintiffs moved for modification of the scheduling order and to expand the scope of the proposed class to include A & R Demolition's office personnel. These requests have been previously addressed.

**I.**     **Background**

Under the FLSA, an employee may bring an action on behalf of himself and other employees similarly situated within two years of when the action accrued or, in the case of a willful violation, within three years. 29 U.S.C. §§ 216(b).  Persons wishing to join an FLSA collective action must affirmatively opt in to the suit by filing a notice of consent. Under the statute, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b). For each plaintiff who opts in to the case after the filing of the complaint, the action is not considered commenced for purposes of the statute of limitations until the date on which the plaintiff's written consent is filed with the court. 29 U.S.C. § 256; *see also* 29 U.S.C. § 255(a).  "Case authority has interpreted the statutory sections as requiring all plaintiffs in a collective action under the FLSA to file written consents for statute of limitations purposes."  Signed consents filed after the filing of the complaint do not relate back to the date the complaint was filed.  *See, e.g., In re Food Lion, Inc.*, 1998 WL 322682, 151 F.3d 1029, at *13 (4th Cir. Jun 4, 1998) (unpublished opinion) (citations omitted).

Plaintiffs argue that equitable tolling should apply to extend the limitations period for the period this court considered the motion to certify.  Plaintiffs also seek equitable tolling for the time that defendants delayed providing names and addresses of potential plaintiffs.  "Equitable tolling applies only in 'rare and exceptional circumstances.'"  *Teemac*

*v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Coleman v. Johnson*, 184 F.3d 398, 402 (internal quotations omitted). The doctrine applies principally when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), or when the plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Coleman*, 184 F.3d at 402.

**II.    Analysis**

    **A.    The Defendants' Delay in Providing a Complete List of Potential Plaintiffs**

The plaintiffs argue that, although the court granted the motion to certify on August 30, 2005, they were delayed in sending out class notice because defendants delayed giving them a complete list of potential plaintiffs. (Docket Entry No. 70 at 6). Plaintiffs argue that defendants initially disclosed the names of only 212 employees and former employees, failing to disclose more than one hundred potential plaintiffs. (*Id.* at 7). Defendants then produced approximately 280 additional names, which plaintiffs argue was again deficient. (*Id.*). This court originally required defendants to produce a list of potential plaintiffs' names and addresses by October 31, 2005. (Docket Entry No. 65). Plaintiffs were originally required to mail notice to the proposed class members by November 15, 2005. (*Id.*).

Defendants provided an updated list of 611 names, addresses, and social security numbers of potential plaintiffs on December 6, 2005. (Docket Entry No. 79 at 2 n.1). Defendants concede a delay of thirty-six days in providing the names and addresses of the proposed class but argue that this resulted in only a thirty-one day delay in sending out the notice. (*Id.* at 3). Defendants do not object to equitable tolling of thirty-one days.

Because defendants concede that they caused a thirty-one day delay, this court grants plaintiffs' motion to toll the statute of limitations by that period.

### B. Tolling During the Court's Consideration of the Motion to Certify the Collective Action.

Plaintiffs argue that equitable tolling should apply from either the date they filed their collective action, May 14, 2004, or from the date they filed their motion to certify, February 4, 2005, to the date the motion was granted. (Docket Entry No. 70 at 9).

The filing of a class action under Federal Rule of Civil Procedure 23 tolls limitations for putative class members. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 345 (1983) (citing *Am. Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974)). Such tolling is justified because, "[o]therwise, class members would be led to file individual actions prior to denial of class certification, in order to preserve their rights. The result would be a needless multiplicity of actions – precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid." *Crown*, 462 U.S. at 345. Collective actions under the FLSA are not controlled by Rule 23. *See, e.g.*, *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286 (5th Cir. 1975). Unlike Rule 23 class actions, plaintiffs

4

must "opt in" to a FLSA collective action. In *LaChapelle*, the court explained the significance for limitations:

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written consent.

513 F.3d at 288. "This difference means that every plaintiff who opts in to a collective action has party status, whereas unnamed class members in Rule 23 class actions do not. Consequently, although the original plaintiffs in a collective action may pursue the suit on a representative basis, each FLSA claimant has the right to be present in court to advance his or her own claim. Conversely, only those plaintiffs who have opted in are bound by the results of the litigation." CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, 7B FEDERAL PRACTICE & PROCEDURE § 1807 (3rd ed. 2005).

In *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983), the court adopted a strict view of the FLSA's limitations provision, stating that limitations runs from the opt-in date and that the court could not "alter the express terms of the statute." The court approvingly cited *Groshek v. Babcock & Wilcox Tubular Prods Div.*, 425 F. Supp. 232 (E.D. Wis. 1977), in which the district court rejected an argument similar to that raised in the present case, that the statute of limitations should be tolled pending the court's decision on

the class certification motion. *Id.* at 234. The court stated that "[t]his argument ignores the language of 29 U.S.C. § 256" and noted that "the fact that under Rule 23 the filing of the named plaintiff's complaint does toll the statute of limitations in certain actions has no effect on this action where Rule 23 does not apply." *Id.* (citations omitted). In the FLSA, Congress did not provide for tolling during the period that a court considers whether to certify a case as a collective action. Indeed, Congress "expressed concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (citing 93 Cong. Rec. 2,182 (1947)).

The record presents no extraordinary circumstances that would justify equitable tolling for the period between the filing and resolution of the motion for class certification. Plaintiffs' motion to reconsider equitable tolling to account for the time during which this court considered the motion to certify is denied.

## III. Conclusion

Plaintiffs' motion for reconsideration of this court's August 30, 2005 memorandum and order is granted in part and denied in part. Limitations is tolled for thirty-one days.

SIGNED on June 13, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge