IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROLAND QUINTANILLA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1965 |
| | § | |
| A&R DEMOLITION, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINAL JUDGMENT AND DISMISSAL**

The plaintiffs Rolando Quintanilla, Ramiro Torres, Jony Deras, David Escalante, Edgardo Lopez, Kenneth Matthews, Melvin Barrera, Daniel Chapa, Alberto Chapa, Morris Baugh, Francisco Rodriguez, Manuel Salazar Martinez, Darwin Antonio Enriquez, Jose Antonio Henriquez, Philip Myers, Columbus Sargent, Angel Castro, Juan Manuel Suarez Torres, Valdemar Quintanilla, Antonio Rodriquez, Samuel Martinez, and Ricardo Suarez Torres, on behalf of themselves and all other similarly situated workers (collectively "Plaintiffs") filed this action on behalf of themselves and all others similarly situated against defendants, A&R Demolition, Inc., Allstate Services, Ltd., Raymond Reveile LLC, Andrea C. Reveile, and Raymond L. Reveile (collectively "the A&R Defendants"), asserting claims of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

On August 30, 2005, the court conditionally certified a class of similarly situated employees under the Fair Labor Standards Act, 21 U.S.C. § 215(b). In January 2008, Plaintiffs and the A&R Defendants filed a Joint Motion for Preliminary Approval of Class Settlement, together with the exhibits annexed thereto, setting forth the terms and conditions

for a proposed settlement and dismissal of the action with prejudice. On January 8, 2008, the court granted the Joint Motion for Preliminary Approval of Class Settlement. On January 18, 2008, notice of the settlement was mailed to all class members by first class mail, postage prepaid, in English and Spanish. On March 31, 2008, the court held the Settlement Fairness Hearing. Based on the Joint Motion for Final Approval of Class Settlement, the record, and the applicable law, the following orders are entered:

1.  This Final Judgment and Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein will have the same meanings set forth in the Settlement Agreement.

2.  This court has personal jurisdiction over all Plaintiffs, Class Members, Original Consent Plaintiffs, Consent Plaintiffs, and Claimants, and has subject matter jurisdiction over all claims asserted in the Second Amended Complaint. Venue in the Southern District of Texas is proper.

3.  The Settlement agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the class. The Settlement Agreement is binding on the Plaintiffs and all other Class Members, as well as their heirs, executors, and administrators, predecessors, successors, and assigns.

4.  The notice provided pursuant to the Settlement Agreement and the Order Granting Preliminary Approval of Class Settlement:

    (a) constituted the best practicable notice, under the circumstances;

  (b) constituted notice that was reasonably calculated to apprise the Class Members of the pendency of the action, their right to object or exclude themselves from the proposed settlement and to appear at the Fairness Hearing;

  (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

  (d) met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

5. Class counsel and the Plaintiffs adequately represented the class for purposes of entering into and implementing the settlement.

6. The parties are authorized, without further approval from the court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto as:

  (a) are consistent with this Final Order, Judgment and Dismissal; and

  (b) do not unreasonably limit the rights of the Class Members under the Settlement Agreement.

7. The court retains jurisdiction over all proceedings arising out of or related to the Settlement Agreement.

8. This action (including all individual claims and class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Settlement Agreement.

  SIGNED on May 7, 2008, at Houston, Texas.

            _____
              Lee H. Rosenthal
              United States District Judge